UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LaSEAN SMITH,

                         Plaintiff,                         **MEMORANDUM & ORDER**
          -against-                             25-CV-283 (NRM) (MMH)

NEW YORK CITY HOUSING AUTHORITY;
MICHAEL ROBERTSON, and GENESA
CAMPBELL,

                         Defendants.
---------------------------------------------------------------X
**NINA R. MORRISON**, United States District Judge:

Plaintiff LaSean Smith filed this *pro se* Complaint on January 14, 2025,
alleging employment discrimination pursuant to Title VII of the Civil Rights Act. *See*
Compl. at 3, ECF No. 1. Plaintiff's application to proceed *in forma pauperis* is granted
pursuant to 28 U.S.C. § 1915(a). *See* IFP Mot., ECF No. 2. For the reasons set forth
below, the Court dismisses the Complaint with leave to amend within 30 days.

## BACKGROUND

Plaintiff, formerly employed by the New York City Housing Authority at the
Glenwood Houses in Brooklyn, New York, utilizes the Court's employment
discrimination complaint form. Compl. at 3. Plaintiff indicates that the action is filed
pursuant to Title VII based on her gender, *id.* at 5, and the discriminatory conduct
included "[t]ermination of [her] employment," "[u]nequal terms and conditions of
[her] employment," "[r]etaliation," "[d]efamation of character[,] bullying, [and]
harassment," *id.* at 4. However, the Complaint fails to provide any facts that support

her claim. *Id.* at 3–5. The "facts" section of the Court's employment discrimination form is completely blank. *See id.* at 5.

By way of relief, Plaintiff seeks back pay, lost benefits, return to her position and the removal of defamatory comments from her employee file. *Id.* at 6. On October 25, 2024, the Equal Employment Opportunity Commission issued a Notice of Right to Sue. *Id.* at 8.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). But the Court need not accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide a short, plain statement of claim, and the facts that give rise to the claim, against each defendant named so that each defendant has adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 678. A plaintiff must provide facts sufficient to allow

each named defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).

When a litigant files a lawsuit *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: (i) "is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1). To establish a Title VII claim, "a plaintiff must show that (1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." *Ruiz v. County of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010).

"[A]t the initial stage of the litigation . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original).

Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. and N.J.,* 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

Here, Plaintiff's Complaint does not allege any facts to support her claim that she suffered an adverse employment action.  Nor does she allege any facts to support the inference that any adverse employment action was motivated by discrimination. *See* Compl. at 6.  In short, Plaintiff does not allege any facts at all to explain or support the legal claims of discrimination in her Complaint. Therefore, Plaintiff's Title VII complaint cannot proceed against the New York City Housing Authority for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

In addition, Title VII does not provide for individual liability; rather, only the employer may be named.  *See Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004).  Therefore, Plaintiff's Title VII complaint cannot proceed against the two individuals, Michael Robertson and Genesa Campbell, named as defendants, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**CONCLUSION**

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's application for pro bono counsel is denied without prejudice.  ECF No. 3.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days from the entry of this Memorandum and Order to amend her complaint against the New York

4

City Housing Authority.  The amended complaint must include a short and plain statement of facts sufficient to support a plausible claim that her employer, the New York City Housing Authority, discriminated against her in violation of Title VII. Specifically, Plaintiff should include in her Amended Complaint facts that outline *what* she believes were the adverse employment actions that her employer took against her.  She must also include facts that show that her employer's actions were the result of unlawful discrimination against her, or which support an inference that the employer's actions were due to discriminatory intent.

If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 25-CV-283 (NRM) (MMH).  The amended complaint shall replace the original complaint.  That is, the amended complaint must stand on its own without reference to the original complaint.

All further proceedings shall be stayed for 30 days.  If Plaintiff fails to file an amended complaint within the time allowed or show good cause for an extension of time, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with an employment discrimination complaint form to the *pro se*

Plaintiff and note the mailing on the docket. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, limited-scope legal assistance.

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:          April 7, 2025
                Brooklyn, New York